UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENNNIE GRAY,  :  Plaintiff,  : : v.  : OFFICER BRIDGET NORDSTROM, ET AL., :  Defendants.  : | Case No. 3:18cv1402(KAD) |

## RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Kari A. Dooley, United States District Judge

The plaintiff, Bennie Gray ("Gray"), currently incarcerated at the Corrigan-Radgowski Institution in Uncasville, Connecticut initiated this civil rights action against Groton Police Officers Bridget Nordstrom and Emery, Norwich Parole Officer Belval, Groton Police Chief John Doe and Norwich District Parole Manager John Doe pursuant to 42 U.S.C. §1983. Gray challenges, *inter alia,* the September 5, 2017 search of a car in which he was a passenger, the seizure of evidence from the car, his arrest on drug possession charges and his remand to the custody of the Connecticut Department of Correction for violating his parole.

Upon initial review, *see* 28 U.S.C. § 1915A(b), the Court dismissed the federal and state law claims asserted against John Doe Groton Police Chief and John Doe Norwich District Parole Manager but permitted the various Fourth Amendment claims to proceed against Groton Police Officers Bridget Nordstrom and Emery and Norwich Parole Officer Belval in their individual capacities. *See* ECF No. 9.

Pending before the Court and decided herein is Gray's motion for summary judgment as to his Fourth Amendment claims.[1]  For the reasons that follow, the motion is denied.

**Standard of Review**

A party seeking summary judgment bears the burden of demonstrating "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.").  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The moving party may satisfy its burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (*per curium*) (internal quotations and citations omitted).

If a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine [dispute] of material fact," the nonmoving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).  The party opposing summary judgment must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Id.*

---

[1] Gray designates his motion as a motion for partial motion for summary judgment because he is moving for summary judgment only as to the liability of the defendants and not as to the amount of damages that might be awarded to him. See Mot. Summ. J., ECF No. 27, at 1; Mem. Supp. Mot. Summ. J., ECF No. 27, at 36.

In reviewing the record, the Court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). The Court may not, however, "make credibility determinations or weigh the evidence. . . . [because] [c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 607–08 (2d Cir. 2017) (internal quotation marks and citations omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, however, summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

**Facts**

Preliminarily, the Court observes that **i**n this district, a motion for summary judgment must be accompanied by a Local Rule 56(a)1 Statement of Undisputed Material Facts. *See* D. Conn. L. Civ. R. 56(a)1 ("A party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth, in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."). Local Rule 56(a)3 further requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) evidence that would be admissible at trial" and that "[t]he affidavits, deposition testimony, responses to

discovery requests, or other documents containing such evidence" be submitted "with the Local Rule 56(a)1 . . . Statement[] in conformity with Fed. R. Civ. P. 56(e)." D. Conn. L. Civ. R. 56(a)3.[2]

Gray's Local Rule 56(a)1 Statement includes twelve paragraphs of statements of facts in support of his motion for summary judgment. *See* Statement of Undisputed Facts, ECF No. 27, at 4-5. Paragraphs 1, 4, 7, 8, 9, 11, and 12 do not include a citation to either the affidavit or declaration of a person who is competent to testify at trial or any other admissible evidence. Thus, these statements of fact do not comply with the requirements of Local Rules 56(a)1 or 56(a)3 and are not established for purposes of the motion for summary judgment.

Notwithstanding, the following material facts are either not disputed by the defendants or are supported by citations to admissible evidence. *Id.* at 4-5 ¶¶ 2, 3, 4, 5, 6. On September 5, 2017, Groton Police Officer Nordstrom arrested Gray in the Walgreen's parking lot located at 441 Long Hill Road in Groton, Connecticut, and charged him with the following offenses: possession of cocaine in violation of Connecticut General Statues § 21a-279(a); possession of heroin in violation of Connecticut General Statues § 21a-279(a); possession with intent to sell cocaine in violation of Connecticut General Statues § 21a-278(b); and possession with intent to sell heroin in violation of Connecticut General Statues § 21a-278(b). No officer or detective at the scene of Gray's arrest performed a field test of the narcotic substances found in the vehicle in which Gray had been a passenger. No officer or detective sent the narcotic substances to a

---

[2] Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure similarly provides in relevant part that "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]")

4

Connecticut lab to be tested.

On December 1, 2017, in *State v. Gray*, Docket No. K10K-CR17-338904-S, the prosecutor informed Superior Court Judge Ernest Green that the State had decided not to disclose the identity of the confidential informant/cooperating witness and entered a *nolle* as to the criminal charges pending against Gray. Judge Green noted the entry of the *nolle* and ordered the destruction of the alleged controlled substances and cell phones seized on September 5, 2017 from the vehicle in which Gray had been a passenger. On March 19, 2018, Evidence Officer Laurie Socha reported to the court that she had destroyed all items seized on September 5, 2017 from the vehicle in which Gray had been a passenger.

**Discussion**

**Fourth Amendment Claims[3]**

The Fourth Amendment to the United States Constitution protects "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The "ultimate touchstone" for an analysis of the constitutionality of a search or seizure under the Fourth Amendment is "reasonableness." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (internal quotation marks and citation omitted). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under

---

[3] In his motion for summary judgment Gray states that he is moving for summary judgment not only as to his Fourth Amendment claims but also as to his claim that the defendants falsely arrested him in violation of the Connecticut Constitution. Although such a claim is mentioned in his motion, he does not reference it again in either his memorandum or declaration. *See* ECF No. 27, at 1, 2, 34-36. However, more to the point, Gray did not bring a state constitutional claim in the complaint or move for leave to amend the complaint to add such a claim. A plaintiff may not amend the complaint simply by raising new theories of liability in a motion for or memorandum in support of summary judgment. *See Perez v. City of New York*, No. 16 CIV. 7050 (PGG), 2020 WL 1272530, at *13 n.8 (S.D.N.Y. Mar. 16, 2020) ("Because the ADA claims pled in the Complaint do not include claims for failure to provide a reasonable accommodation and discriminatory termination, Perez cannot raise these claims at summary judgment.") (collecting cases). This claim is therefore not further discussed.

the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." *United States v. Navas*, 597 F.3d 492, 497 (2d Cir. 2010) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  Exceptions to the warrant requirement include consent, *see Schenkloth v. Bustamonte,* 412 U.S. 218 (1973), automobile searches, *see United States v. Ross,* 456 U.S. 798 (1982), searches incident to an arrest, *see Chimel v. California,* 395 U.S. 752 (1969), and "stop and frisk" searches, *see Terry v. Ohio,* 392 U.S. 1 (1968).  During a *Terry* stop, police may stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity "may be afoot," even if the officer lacks probable cause.  *Terry,* 392 U.S. at 27-30.  As part of a *Terry* stop, an officer may conduct a pat-down frisk consisting of a "carefully limited search of the outer clothing ... in an attempt to discover weapons" if the officer reasonably believes that person to be armed and dangerous.  *Id.*

False arrest claims brought pursuant to section 1983 as violations of the Fourth Amendment's right "to be free from unreasonable seizures, are substantially the same as claims for false arrest ... under state law."  *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks and citations omitted).  In a section 1983 action, claims for false arrest are controlled by state law.  *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004).  Connecticut law defines false arrest or false imprisonment as "the unlawful restraint by one person of the physical liberty of another.'"  *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (internal quotation marks and citation omitted).  In addition, to state a constitutional violation, a plaintiff must also demonstrate "an unreasonable deprivation of liberty in violation of the Fourth Amendment."  *See Walker v. Sankhi*, 494 F. App'x. 140, 142 (2d Cir. 2012).

An arrest by a law enforcement official constitutes a seizure under the Fourth Amendment and is not reasonable unless it is based on probable cause to believe that the individual has committed a crime. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Probable cause exists to arrest an individual without a warrant if "the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008) (quoting *Walczyk v. Rio,* 496 F.3d 139, 156 (2d Cir. 2007)).

### Unlawful Seizure – Removal from Vehicle

Gray alleges in his complaint and in his declaration in support of his motion for summary judgment that on September 5, 2017, he "was removed from" the vehicle in which he was a passenger in violation of the Fourth Amendment. However, Gray does not identify which or even whether one of the defendants at the scene "removed" him from the vehicle. Nor does he cite to any evidence in his Local Rule 56(a)1 Statement in support of his contention that a law enforcement official physically removed him from the vehicle. In opposition to the motion for summary judgment, defendants Nordstrom and Emery assert that Gray conceded at his deposition that he exited/stepped out of the car of his own volition. Defs.' Local Rule 56(a)2 Statement, Ex. D, Gray's Dep., at 63:6-13; 150:19-22, ECF No. 40-5. On this claim, it is readily apparent that Gray has not met his initial burden of establishing that he is entitled to judgment as a matter of law and the motion for summary judgment as to this claim is DENIED.

### Unlawful Search – Pat Down at Scene of Arrest

Gray also alleges in the complaint that after he exited the vehicle, he was "given a pat

7

down and had nothing illegal on his person." Compl., ECF No. 1, at 3 ¶ 21.  Again, he did not identify which defendant may have engaged in the pat-down search.  And neither his declaration, nor his statement of undisputed facts even include an allegation that he underwent a pat-down search after exiting the vehicle.  *See* Pl.'s Local Rule 56(a)1 Statement, ECF No. 27, at 4-5; Pl.'s Decl., ECF No. 27, at 2-3.[4]  Thus, Gray has offered no support for his claim that he was searched unlawfully after he exited the vehicle prior to his arrest.  *See* Mem. Supp. Mot. Summ. J., ECF No. 27, at 34.  Accordingly, Gray has not met his initial burden of demonstrating that he is entitled to judgment as a matter of law on this claim and the motion for summary judgment is denied as to this Fourth Amendment claim.[5]

**Unlawful Seizure – False Arrest**

Gray next contends in the complaint that his arrest on drug possession charges was unlawful because Officer Nordstrom planted the narcotics that she allegedly found on the floorboard of the front seat on the driver's side of the car in which he was a passenger.  Compl. at 4-5 ¶¶ 23, 36.  Gray, however, does not move for summary judgment on the ground that Officer Nordstrom planted narcotics in the vehicle.[6]  Instead, Gray argues that probable cause did not exist for Officer Nordstrom to arrest him without a warrant on charges that he possessed and

---

[4] Gray submits the Groton Police Department's Uniform Arrest Report dated September 5, 2017 and Investigator Nordstrom's Narrative dated September 6, 2017 as exhibits to his motion for summary judgment. Neither document indicates who performed the pat-down search of Gray at the scene of his arrest.  *See* Exs. A & C, ECF No. 27 at 7-10, 22-28.

[5] Gray includes an unsupported statement in his Local Rule 56(a)1 Statement that after he was removed from the vehicle, he was placed in handcuffs.  *See* Pl.'s Local Rule 56(a)1 Statement ¶ 1, ECF No. 27, at 4.  The allegation regarding handcuffs is not included in the complaint.  Nor did Gray move for leave to amend to add that claim to the complaint.  Thus, any claim stemming from the plaintiff's alleged placement in handcuffs which is raised in the Local Rule 56(a)1 Statement is not before the Court.

[6] It is worth noting that in opposition to the motion, Officer Nordstrom observes that Gray conceded at his deposition that he did not see Officer Nordstrom place or plant any narcotics in the vehicle.  Defs.' Local Rule 56(a)2 Statement, Ex. D, Gray's Dep., at 74:22 – 75:10, ECF No. 40-5.

8

intended to sell heroin and cocaine because no one ever confirmed through testing that the substances that Nordstrom recovered from the vehicle were in fact heroin or cocaine, either at scene of his arrest or at a forensic lab later.  *See* Mem. Supp. Mot. Summ. J., ECF No. 27, at 35-36.  This claim appears nowhere in the complaint and cannot be pursued for the first time in a motion for summary judgment.  *See, Perez, supra.*

**Conclusion**

Gray's Motion for Partial Summary Judgment, [**ECF No. 27**], is **DENIED**. Nothing herein limits Gray's ability to oppose the motion for summary judgment filed by Officers Nordstrom and Emery however he chooses.

SO ORDERED at Bridgeport, Connecticut this 23rd day of September 2020.

_____/s/_____
Kari A. Dooley
United States District Judge

9