UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENNNIE GRAY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:18cv1402(KAD) |
| | : | |
| OFFICER BRIDGET NORDSTROM, ET AL., | : | |
| Defendants. | : | |

**<u>RULING ON PENDING MOTIONS</u>**

Kari A. Dooley, United States District Judge

The plaintiff, Bennie Gray ("Gray"), currently incarcerated at the Corrigan-Radgowski Institution in Uncasville, Connecticut initiated this civil rights action against Groton Police Officers Bridget Nordstrom and Emery, Norwich Parole Officer Belval, Groton Police Chief John Doe and Norwich District Parole Manager John Doe pursuant to 42 U.S.C. §1983.  Gray challenges, *inter alia,* the September 5, 2017 search of a car in which he was a passenger, the seizure of evidence from the car, his arrest on drug possession charges and his remand to the custody of the Connecticut Department of Correction for violating his parole.

Upon initial review, *see* 28 U.S.C. § 1915A(b), the Court dismissed the federal and state law claims asserted against John Doe Groton Police Chief and John Doe Norwich District Parole Manager but permitted the various Fourth Amendment claims to proceed against Groton Police Officers Bridget Nordstrom and Emery and Norwich Parole Officer Belval in their individual capacities.  *See* ECF No. 9. Pending before the Court are Gray's motions for disclosure, to compel, and for extension of time as well as Nordstrom and Emery's motion to supplement their motion for summary judgment.  Each motion is addressed below.

**Motion for Disclosure [ECF No. 35]**

Gray's filed a motion for disclosure pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.  He states that in responding to his August 2, 2019 interrogatories, Officer Nordstrom refused to disclose the identity of the confidential informant mentioned in her police report relating to his arrest on September 5, 2017.  Mot. Disclosure at 7-14, Ex. B. Gray contends that he needs to know the identity of the confidential informant because the informant has knowledge of facts material to resolution of issues in this case.  Officer Nordstrom objected to the interrogatories seeking the identity of the confidential informant on the ground that the informer's privilege protects against the disclosure of that information.  *Id.*

Rule 37(c), Fed. R. Civ. P. provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Officers Nordstrom and Emery are exempt from the required initial disclosures of information set forth in Rule 26(a)(1), Fed. R. Civ. P.  *See* Rule 26(a)(1)(B) ("Proceedings Exempt from Initial Disclosures . . . (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.").  Furthermore, the Court's Standing Order RE: Initial Discovery Disclosures is not applicable to Emery or Nordstrom because this case does not arise from the conditions of Gray's incarceration.  *See* Order, ECF No. 10.

Rule 26(e) requires that "[a]  party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission" provide a supplemental or corrected disclosure or response if ordered to do so by the court or "if the party

learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process, or in writing." Fed. R. Civ. P. 26(e)(1)(A)&(B). Thus, Rule 26(e) simply imposes a continuous duty to either supplement or correct the record once discovery has been provided. That is not the situation presented here as Officer Nordstrom did not answer the interrogatories at issue. Accordingly, Rule 37(c) is not implicated by Officer Nordstrom's objections to Gray's interrogatories. Rather, Gray's motion seeks relief in the form of an order overruling Officer Nordstrom's objections and compelling her to provide the name of the confidential informant as might be sought pursuant to Rule 37(a)(1), Fed. R. Civ. P. In this vein, Gray has filed a separate motion to compel that the Court addresses below. Accordingly, the motion for disclosure, filed pursuant to Rule 37(c), Fed. R. Civ. P., seeking to compel Officer Nordstrom to disclose the identity of the confidential informant, is denied.

**Motion to Compel [ECF No. 49]**

Pursuant to Federal Rule of Civil Procedure Rule 37(a), Gray again seeks an order that Officer Nordstrom disclose the identity of and other details regarding the confidential informant referenced in her police report regarding his arrest on September 5, 2017.

Rule 37(a)(1) requires a party seeking to compel disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Gray has not included a certification in his motion to compel or attached any other documentation indicating that he made an effort to contact counsel representing Officers Nordstrom and Emery in an attempt to resolve this discovery dispute without the intervention of

3

the Court.  Accordingly, the motion to compel fails to comply with Rule 37(a)(1).   But even if the Court overlooked Gray's failure to comply with the rule's requirements, the Court concludes that the motion to compel is without merit.

Gray first asserts that the objections to interrogatories 3, 4, 10, 11 are waived because Officer Nordstrom did not assert them within thirty days of the date the interrogatories were served on her.  On August 29, 2019, however, the Court granted Officer Nordstrom an extension of time until October 3, 2019 to respond to the August 2, 2019 interrogatories.  *See* Order, ECF No. 24.  Thus, the objections were timely made.[1]

Gray also challenges Officer Nordstrom's reliance on the law-enforcement or informer's privilege set forth in *Roviaro v. United States*, 353 U.S. 53 (1957),[2] as a basis for her objections to the interrogatories seeking information regarding the identity of the confidential informant. Gray contends that the privilege is not applicable because the identity of the informant is necessary to resolve issues and claims raised in the complaint. The Court disagrees.

The claim against Officer Nordstrom is that prior to or in conjunction with her search of the vehicle in which Gray was a passenger, she planted the narcotics that she then purportedly

---

[1]   The Court notes that in his reply to Officer Nordstrom's objection to the motion to compel, Gray also asserts that Nordstrom's objections are waived pursuant to the requirements relating to pretrial disclosures that must be made under Federal Rule of Civil Procedure 26(a)(3)(A).  *See* Reply, ECF No. 51.  Grays reliance on this rule is misplaced.  Under Rule 26(a)(3)(B), pretrial disclosures must be made at least thirty days before trial.  No trial date has been set in this case.  Furthermore, Gray does not allege, nor does the docket reflect that Officer Nordstrom has made any pretrial disclosures pursuant to Rule 26(a)(3)(A).  The subsection that Gray refers to in his reply pertains to objections that may be asserted within fourteen days of the filing of pretrial disclosures under Rule 26(a)(3)(A). *See* Fed. R. Civ. P. 26(a)(3)(B).

[2]   The law-enforcement privilege (or the informer's privilege) permits the government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charges with enforcement of that law."  *Id.* at 59. The Second Circuit has stated that the law-enforcement privilege's purpose is [t]o prevent disclosure of law-enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law-enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.  *In re City of N.Y.*, 607 F.3d 923, 941 (2d Cir. 2010).

seized from the vehicle thereby giving rise to probable cause to arrest Gray. There is no question that Gray was aware, at the time that he filed this action in August 2018, that Officer Nordstrom purportedly relied on information from a confidential informant to detain him after the vehicle arrived at the Walgreen's parking lot, to search the vehicle, and to arrest him.  *See* Compl., ECF No. 1, at 4 ¶ 29. In fact, Gray's defense attorney in the criminal matter arising out of the arrest, moved at some point prior to December 1, 2017, for disclosure of the identity of the confidential informant. Notwithstanding that he had this knowledge, in his Complaint, Gray does not challenge the probable cause for his arrest as deriving from the purported use of the informant. He claims, as discussed above, that probable cause was manufactured through the planting of the narcotics in the vehicle.   Thus, Gray has not adequately explained how the identity of the confidential informant is at all relevant to the claims asserted against Officer Nordstrom or the other defendants so as to overcome the protections afforded under *Roviaro*.  The Court concludes that information related to the identity of the confidential informant is outside the scope of discovery pertaining to the claims in the complaint that proceed against Officer Nordstrom.  *See* Fed. R. Civ. P. 26((b)(1). The motion to compel answers to interrogatories 3, 4, 10 or 11 of the August 2, 2019 interrogatories is denied.

**Motion to Compel [ECF No. 48]**

Gray seeks an order that Parole Officer Belval comply with his April 29, 2020 request for production of documents seeking documents from New Britain Parole Officer Carolyn Lindley's case file documenting her supervision of Gray during his release on parole from April to September 2017 as well as Officer Lindley's cell phone records pertaining to that same time period.  Officer Belval first objects to the motion to compel on the ground that Gray did not

attempt to resolve the discovery dispute before filing the motion as required by Fed. R. Civ. P. 37(a)(1).  In his reply to Officer Belval's objection to the motion to compel, Gray states that a counselor at Corrigan-Radgowski placed a telephone call to Assistant Attorney General Motherway, who represents Officer Belval, but Attorney Motherway would not speak to him regarding her objections to the request for production of documents.  *See* Reply, ECF No. 57. Although Gray did not include a certification in his motion to compel indicating that he had fulfilled the meet and confer requirements of Rule 37, the Court credits Gray's representation that he did attempt to confer with counsel for Officer Belval prior to filing the motion and shall take up the motion on its merits.

Officer Belval objected to the request to produce documents from Officer Lindley's case file on the following grounds: Lindley is not a defendant in this case; the records sought are irrelevant to the claims against him; and disclosure of the documents would not be proportional to the needs of the case.  Mot. Compel, Ex. A, ECF No. 48, at 11-15.

Rule 34, Fed. R. Civ. P. provides that requests for production of documents may only be served on parties to an action.  *See* Fed. R. Civ. P. 34(a) (1) (providing in pertinent part "[i]n General[.] [a] party may serve on any other party a request within the scope of Rule 26(b): **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: **(A)** any designated documents or electronically stored information . . . or **(B)** any designated tangible things. . . ."). Parole Officer Lindley is not a named defendant or a party to this action. Although the request for production is addressed to Officer Belval, who is a party, it seeks records from New Britain Parole Officer Lindley, who is not. Furthermore, Gray sues Officer Belval, who works in the

Norwich Parole Office, in his individual capacity only.  In that capacity, Officer Belval would not have access or authority to produce New Britain Parole Officer Lindley's case files to Gray. While these records may be available to Gray through a Rule 45 subpoena, an issue on which the Court offers no opinion, they are not discoverable from Officer Belval. Accordingly, the motion to compel is denied.

**Motion to Supplement Motion for Summary Judgment [ECF No. 54]**

Defendants Emery and Nordstrom seek to supplement their motion for summary judgment, ECF No. 52, with an executed copy of Officer Nordstrom's Supplemental Affidavit. Attached to the motion is Bridgett Nordstrom's Affidavit signed by her on August 4, 2020.  See ECF No. 54-1.  The unexecuted copy of the affidavit was filed as Exhibit I to the motion for summary judgment.  *See* ECF No. 52-12.

The motion to supplement is granted.  The Clerk shall docket the Supplemental Affidavit of Bridget Nordstrom as: Substituted Ex. I to Defendants' Motion for Summary Judgment, ECF No. 56, Supplemental Affidavit of Bridgett Nordstrom.

**Motion for Extension of Time [ECF No. 56]**

Gray seeks an extension of time of twenty-one days after the Court rules on his motions to compel to submit a response to the motion for summary judgment filed by defendants Emery and Nordstrom.  The motion is granted.  Gray shall file his response to the motion for summary judgment on or before October 25, 2020.

**Conclusion**

The Motion for Disclosure, [**ECF No. 35**], the Motion to Compel, [**ECF No. 48**], Officer Belval to respond to Gray's April 29, 2020 request for production of documents, and the Motion

to Compel, [**ECF No. 49**], Officer Nordstrom to answer Gray's August 2, 2019 interrogatories

are **DENIED**.  The Motion to Supplement Motion for Summary Judgment, [**ECF No. 54**], is

**GRANTED**.  The Clerk shall docket the Supplemental Affidavit of Bridget Nordstrom attached

to this motion as Substituted Ex I to the Defendants' Motion for Summary Judgment, ECF No.

56, Supplemental Affidavit of Bridget Nordstrom.  Gray's Motion for Extension of Time, [**ECF

No. 56**], to Respond to the Motion for Summary Judgment filed by Defendants' Nordstrom and

Emery is **GRANTED**.  Gray shall file his response to the motion for summary judgment on or

before **October 25, 2020.**

SO ORDERED at Bridgeport, Connecticut this 25th day of September 2020.

___/s/_____
Kari A. Dooley
United States District Judge